IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| VELKIS JOHNSTON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-313 |
| | § | |
| MULTIDATA SYSTEMS | § | |
| INTERNATIONAL CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTIONS
## FOR INTERLOCUTORY APPEAL

On April 30, 2007, this Court issued an Order denying Defendants MDS Nordian, Inc.'s, MDS (Canada) Inc.'s, MDS, Inc.'s (collectively the "Canadian Defendants"), and Multidata Systems International Corp.'s ("MSIC") Motions to Dismiss for Lack of Personal Jurisdiction, Motions to Dismiss Because Plaintiffs' Claims Are Barred by Doctrines of *Res Judicata* and Direct Estoppel, and Motions to Dismiss for Improper Service of Process, Improper Venue, and *Forum non Conveniens*. MSIC and the Canadian Defendants each filed a Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Plaintiffs promptly filed a Response. For the reasons stated below, these Motions are **DENIED**.[1]

A district court may certify a non-final order for immediate appeal pursuant to 28 U.S.C. § 1292(b) if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

---

[1] The Court does not consider this Order worthy of publication. Thus, it has not requested and does not authorize publication.

immediate appeal from the order may materially advance the ultimate termination of the litigation." The district court's "decision to certify an interlocutory appeal pursuant to section 1292(b) is within the discretion of the trial court and unappealable." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1167 (5th Cir. 1987), *vacated and remanded by Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *partially reinstated by In re Air Crash Disaster Near New Orleans*, 883 F.2d 17 (5th Cir. 1989). The appellate court has jurisdiction if "application is made within ten days after the entry of the order," but it may decline jurisdiction. § 1292(b).

Defendants argue that the Court's April 30 Order contains several "controlling question[s] of law as to which there [are] substantial ground[s] for difference of opinion." § 1292(b). The Court agrees that there could be a difference of opinion regarding the issues discussed in said Order, but the Court applied well-established Fifth Circuit estoppel, personal jurisdiction, and *forum non convenience* precedent in its consideration of Defendants' arguments. While interlocutory appeal is often a useful tool and the Court deeply appreciates the Fifth Circuit's guidance when it faces questions that are novel or involve rapidly evolving areas of law, the Court will not increase the Circuit's already burdensome caseload by presenting it with piecemeal appeals for non-noteworthy issues. This is an interesting case involving a distinct and intriguing factual scenario as well as an unusual procedural background, and the Court recognized that it presents a close call in its original Order. However, with all due respect, requests for interlocutory appeals have become the defense bar's new procedural mechanism *du jour*, and this case is not momentous enough to justify an unwarranted intrusion into the Circuit's time. Therefore, if Defendants are still concerned with these issues after final judgment has been rendered,

the Court recommends Defendants file an appeal at that time so that the Fifth Circuit may consider all the issues Defendants wish to address concurrently.

For these reasons, Defendants' Motions for Interlocutory Appeal are **DENIED**. Each Party to bear its own taxable costs and attorneys' fees.

**IT IS SO ORDERED.**

**DONE** this 11th day of July, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge