UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **VELKIS JOHNSTON,** *et al.* | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CIVIL ACTION NO. G-06-313** |
| **MULTIDATA SYSTEMS INTERNATIONAL CORP.,** *et al.* | § § § § | |
| **Defendants.** | § | |

**ORDER**

Upon reviewing this case in connection with the Court's present responsibilities over a portion of the Galveston docket, the Court has serious concerns about allowing this lawsuit to proceed when the threshold matters of jurisdiction and venue remain subject to doubt.

This matter involves over 200 plaintiffs scattered throughout Panama and the United States and corporate defendants located in Missouri and Canada. (Dkt. #2). Plaintiffs allege that while receiving cancer treatment at the National Oncology Institute in Panama City, Panama, they were administered radiation doses of between 20 to 200 percent above the prescribed dose. *Id.* at pp.10-16. Plaintiffs bring this action for personal injuries and deaths resulting from the allegedly defective radiation equipment that was designed, manufactured, tested and marketed by the Defendants. *Id.* Defendants maintain that the injuries and deaths associated with their products resulted from misuse of the radiation equipment rather than the alleged product deficiencies. (Dkt. #63, p.10).

Judge Kent previously denied Defendants' motions to dismiss for lack of personal jurisdiction, improper service of process, improper venue, *forum non conveniens* and estoppel, recognizing that these threshold issues present close calls and that there may be a difference of opinion regarding their determination. *See, e.g.*, (Dkt. #53, p.38); (Dkt. #68, p.2). Defendants then

filed motions to certify the Order for interlocutory appeal. (Dkt. #s 57, 58). Despite acknowledging the uncertainty regarding these issues, Judge Kent denied the Defendants' motions for interlocutory appeal. ( Dkt. #68). Based on the magnitude of this case, the complexity of the fact-intensive issues that cross international borders, the vastly expensive discovery and litigation phases that may follow, and in the interest of fairness to the parties and to avoid unnecessary delay and expense if it is later determined that the Court does not have jurisdiction, the Court believes that reconsideration of the Defendants' motions to certify for interlocutory appeal is warranted.

The Court is now of the opinion that its Order of April 30, 2007 (Dkt. #53) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation. Thus, the Court vacates the Order dated July 13, 2007 (Dkt. #68), grants the Defendants' motions (Dkt. #s 57, 58), and now certifies its Order of April 30, 2007 for immediate appeal pursuant to 28 U.S.C. § 1292(b).

It is so ORDERED.

SIGNED this 14th day of November, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE